**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

CHRISTA LYNN RAINWATER,

        Plaintiff,

    v.

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.,

        Defendant.

Case No. 2:26-cv-02066-DCF

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys

and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers

Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

This is an action brought against Defendant for violations of the Fair Credit Reporting
Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

**ANSWER:**

First Advantage admits that Plaintiff brings an action under the Fair Credit Reporting

Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  First Advantage denies that it violated the FCRA, and

further denies that Plaintiff is entitled to any relief whatsoever.

**PARTIES**

**COMPLAINT ¶2:**

Plaintiff is a natural person residing in Fort Smith, Arkansas, and is a "consumer" as that
term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, First Advantage admits the allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT ¶3:**

Defendant is a consumer reporting agency that maintains its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328. Defendant can be served through its registered agent, c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

First Advantage admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  First Advantage further admits that its principal place of business is located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328 and that it can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.  First Advantage denies the remaining allegations in Paragraph No. 3 of the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶4:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 4 of the Complaint.

**COMPLAINT ¶5:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER:**

First Advantage admits that venue is proper in this judicial district.  First Advantage denies the remaining allegations in Paragraph No. 5 of the Complaint.

## FACTS

**COMPLAINT ¶6:**

In or around mid-March 2026, Plaintiff applied for Spark Driver and proceeded through the onboarding process. During this process, Plaintiff encountered a brief delay due to an issue with her insurance information, which she promptly addressed and resolved.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 6 of the Complaint.

**COMPLAINT ¶7:**

On March 27, 2026, Spark ordered a background check on Plaintiff from Defendant.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

On April 13, 2026, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold it to Spark.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 8 of the Complaint.

**COMPLAINT ¶9:**

Within that consumer report, Defendant published inaccurate information about Plaintiff.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

Specifically, Defendant's consumer report about Plaintiff included two inaccurate and stigmatizing convictions, which appeared in the consumer report as follows:

| | |
|---|---|
| Case Reference # | 2017F-335 |
| Case Date | 10/Mar/2017 |
| Name on File | CHRISTIE L RAINWATER |
| Address on File | 316 APPLE VALLEY DRIVE, FORT SMITH, AR |
| DoB on File | XX/XX/XXXX |
| Driver's License on File | AR, XXXXXXXXX |
| Charge | POSSESSION OF HYDROCODONE |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Disposition Date | 14/Jun/2017 |
| Sentence | PROBATION 72 MONTHS; COURT COSTS 150; FINE 2500 |
| Charge | POSSESSION OF DIAZEPAM |
| Charge Type | MISDEMEANOR |
| Disposition | GUILTY |
| Disposition Date | 14/Jun/2017 |
| Sentence | JAIL SUSPENDED 12 MONTHS |

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT ¶11:**

A cursory review of the widely available public court records confirms that Plaintiff was never convicted for these charges. Rather, the public record confirms that the prosecution filed a motion for nolle prosequi, and the charges were dismissed.

**ANSWER:**

First Advantage denies the allegations in the first sentence of Paragraph No. 11 of the

Complaint.  First Advantage lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph No. 11 of the Complaint.

**COMPLAINT ¶12:**

The dismissed charges at issue occurred in 2017 and therefore cannot be legally reported. *See* 15 U.S.C. § 1681c(a)(2). Defendant's inclusion of this outdated information is inaccurate and misleading.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 12 of the Complaint.

4

**COMPLAINT ¶13:**

The sole reason the inaccurate convictions were reported was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

Had Defendant followed reasonable procedures, it would have discovered that Plaintiff was never convicted of possession of hydrocodone or diazepam.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 15 of the Complaint.

### Spark Denies Plaintiff's Job Application

**COMPLAINT ¶16:**

On or about April 13, 2026, Plaintiff was notified by Spark that her employment application was denied as a direct result of the convictions reported by Defendant.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

Due to Defendant's inaccurate reporting, Plaintiff suffered significant emotional distress and financial hardship as a result of the inaccurate reporting in her background check. At the time, Plaintiff was actively and continuously seeking employment, submitting applications through various job platforms and company websites. Many of these applications required Plaintiff to undergo background checks as part of the hiring process.

**ANSWER:**

First Advantage denies the allegations in the first sentence of Paragraph No. 17 of the Complaint.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

During this period, Defendant's inaccurate reporting caused Plaintiff substantial anxiety. Plaintiff questioned the accuracy of the information and whether she had in fact been subject to such a charge. This uncertainty created considerable emotional distress, as Plaintiff feared that the inaccurate reporting would adversely affect her employment opportunities. Plaintiff ultimately obtained court records confirming that no felony conviction existed and that any related charge had been dismissed.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph No. 18 of the Complaint.  First Advantage denies the remaining allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

Despite this clarification, Plaintiff continued to experience hardship. At the time, Plaintiff was unemployed, financially strained, and residing in unstable living conditions with an acquaintance and his family. Plaintiff lacked sufficient income and was unable to secure independent housing, resulting in ongoing personal and emotional stress.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

The erroneous background reporting contributed to Plaintiff's continued inability to secure stable employment, exacerbating her financial difficulties. Plaintiff lives on a limited income and is responsible for supporting her daughter, who is in college, including assisting with educational and living expenses. Due to her unemployment, Plaintiff has been unable to provide consistent financial support during this period.

6

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT ¶21:**

The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT ¶22:**

As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 22 of the Complaint.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**COMPLAINT ¶23:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 22 of the Complaint as its answer to Paragraph No. 23 of the Complaint.

**COMPLAINT ¶24:**

Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT ¶25:**

As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages as alleged herein.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 25 of the Complaint.

**COMPLAINT ¶26:**

Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT ¶27:**

Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 27 of the Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

**ANSWER:**

First Advantage admits that Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, First Advantage's reading of its obligations under the FCRA was and is objectively reasonable, and any purported violations were not willful.

### SECOND DEFENSE

To the extent Plaintiff has failed to mitigate her alleged damages, any recovery should be reduced accordingly.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

By: */s/ Brandon B. Cate*
    Brandon B. Cate
    QUATTLEBAUM, GROOMS & TULL, PLLC
    4100 Corporate Center Drive
    Suite 310
    Springdale, Arkansas 72762
    Telephone: (479) 444-5205
    Facsimile: (479) 444-6647
    bcate@qgtlaw.com
    Attorneys for Defendant

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 22, 2026, I electronically filed the foregoing with the Clerk of the

Court using the ECF system, which will send notice of such filing to all counsel of record.

*/s/ Brandon B. Cate*